UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOAN SHELTON,

      Plaintiff,

v.

COMERICA BANK, et al.,

      Defendants.

No. C 23-02815 WHA

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**

## INTRODUCTION

In this action alleging failure to prevent and investigate fraud and identity theft in violation of the Electronic Funds Transfer Act, California Business and Professional Code Section 17200, and California Civil Code Section 1798.2, plaintiff seeks leave to file a second amended complaint. For the reasons below, plaintiff's motion is **GRANTED.**

## STATEMENT

Plaintiff filed suit in state court against defendants Comerica Bank and Conduent Business Services, LLC, alleging that they failed to properly investigate and respond to identity theft and fraud relating to her Direct Express account, through which she accessed her disability benefits provided by the Social Security Administration. Plaintiff first amended her complaint in state court, and defendants removed here shortly after. Plaintiff now requests leave to file a second amended complaint adding defendants Conduent State & Local Solutions, Inc. and Conduent, Inc. Plaintiff filed this motion on December 1, 2023, the

1    deadline to seek leave to add new parties or amend pleadings under the case management order

2    (Dkt. No. 39).

3    Plaintiff asserts that she, through counsel, first learned about the deficiency regarding

4    defendants' names less than a month before filing her motion. According to defendants,

5    however, plaintiff learned in June that Conduent State & Local, Inc. contracted with Comerica

6    Bank, and that Conduent, Inc. wholly owned Conduent Business Services.

**ANALYSIS**

Leave to amend should be freely given when justice so requires. Accordingly, leave to amend is granted with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). When determining whether to grant leave, a district court considers: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) repeated failure to cure deficiencies despite previous amendments. *Id.* at 1052. Prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)," and "carries the greatest weight." *Ibid*. Absent prejudice or a strong showing for another factor, a presumption typically exists under Rule 15 in favor of granting leave to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

*First*, defendant argues that plaintiff's proposed amendment adding Conduent, Inc., a New York-based entity, is futile because it does not allege any facts establishing personal jurisdiction over Conduent, Inc., and because it rests solely on Conduent, Inc.'s ownership of defendant subsidiaries. In support of this argument, defendant asserts that the proposed second amended complaint "offers *just two* factual allegations as to Conduent Incorporated" – that Conduent, Inc. "is a New York corporation," and that Conduent Inc. "is a publicly traded entity and wholly owns Conduent Business Services LLC" (Opp. 6, emphasis in original).

Not so. The first line of the proposed complaint reads: "[o]n March 4, 2022, Comerica Bank dba Direct Express, Conduent Business Services LLC, Conduent State & Local Solutions, Inc., *and Conduent, Inc*. (*hereafter 'Defendants'*) let an identity thief make an unauthorized electronic transaction from Plaintiff's bank account" (Dkt. No. 60-3 at 2). Then, "[t]he *defendants* are jointly and severally liable for the actions taken, including those they

United States District Court
Northern District of California

have taken on behalf of each other," and "*defendants* transact business here and have significant and substantial contacts with the state of California" (*id.* at 3). The allegations continue: "*defendants* sent Plaintiff a 'Questionnaire of Fraud,'" "*defendants* sent Plaintiff a cursory letter denying her fraud claim," "*defendants* have failed to properly investigate," "*defendants* possess money belonging to Plaintiff in violation of the law," "*defendants'* refusal to return Plaintiff's disability benefits and their dismissive treatment of her caused her severe harm," "*defendants* failed to provide a prompt written explanation . . . thereby violating 15 U.S.C. § 1693f," and so on (*id.* 5-7). If the complaint's definition of "defendants" is ignored, as defendants try to do, none of plaintiff's complaints, amended or not, alleges much of anything against anyone.

Defendants' argument misses the forest for the trees. True, the second amended complaint states as to the other three defendants that each, separately named, "is authorized to do business and does business in California" (Br. 3). Those words do not appear next to Conduent, Inc. Nevertheless, the omission of those words does not render amendment futile in light of the liberality with which leave is to be granted, and the group-wise allegations made against "defendants," including that "defendants [including Conduent, Inc.] transact business here and have significant and substantial contacts with the state of California" (Dkt. No. 60-3 at 3). *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d. 877, 880 (9th Cir. 1999) (the Rule 15(a) analysis "should be performed with all inferences in favor of granting the motion").

After Conduent, Inc. is added as a defendant in this action, it may challenge personal jurisdiction prior to answering the amended complaint. *Pfeister v. RSUI Indem. Co.*, No. 20-CV-03387-LB, 2020 WL 5877670, at *1 (N.D. Cal. Oct. 2, 2020) (Judge Laurel Beeler) (granting leave to add two defendants to complaint because defendant's personal jurisdiction challenge is more appropriately considered in a properly noticed motion prior to answering the amended complaint); *see also Perfect 10, Inc. v. Yandex N.V.*, No. C 12-01521 WHA, 2012 WL 4857806, at *2 (N.D. Cal. Oct. 11, 2012).

*Next*, defendants argue that leave should be denied because plaintiff was dilatory, waiting some six months to move to amend, and that this delay will prejudice defendants because it

leaves just "a few months" for the two new defendants to respond to discovery. This, too, fails. Several of the decisions cited by defendants concern motions seeking leave after the deadline for amending pleadings. The motion here was filed before the deadline expired, albeit barely. *Minden*, meanwhile, centered the prejudice that the proposed amendment would cause defendant, not mere delay. *Minden Pictures, Inc. v. Pearson Educ., Inc.*, No. C 11-05385 WHA, 2013 WL 71774, at *2 (N.D. Cal. Jan. 7, 2013). In *Minden*, a copyright action involving stock photos used in educational textbooks, plaintiff sought leave to add a contributory infringement claim that alleged that defendant ran an "international rights management group" that "arranges for approximately 4,000 third-party licenses annually, which includes translations in approximately 50 languages read around the world." *Ibid*. With no indication that the "third parties" implicated in the amendments were limited to any reasonable number of entities, the proposed amendments "creat[ed] the potential for a massive expansion of the scope of discovery – with international implications – and an onerous resulting burden on defendant." *Ibid*. "Against this backdrop, plaintiff's timing of the proposed amendments can only be seen as a dilatory tactic." *Ibid*. No such backdrop exists here, and defendants have not shown prejudice sufficient to justify denial. The new defendants have received prior notice of this action, and Conduent State & Local Solutions, Inc. has already offered declarations from its employee Janell Solis three times. Defendants will have over four months to respond to discovery. Moreover, it is unlikely that the addition of these defendants will drastically expand that discovery. To date, much of defendant Comerica's discovery answers have simply referred plaintiff to defendant Conduent Business Services' discovery responses (Dkt. No. 54-1). Given the particular circumstances of this action, it is likely that there will be similar overlap in some of the answers of Conduent, Inc. and Conduent State & Local, Inc., allowing for similarly efficient responses.

*Finally*, the parties' factual dispute about when plaintiff first became sufficiently aware of defendants' byzantine corporate structure need not be resolved here. In the absence of prejudice, "delay by itself . . . is insufficient to justify denying a motion to amend a pleading." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

4

**CONCLUSION**

Plaintiff's motion for leave to file a second amended complaint is **GRANTED**. Plaintiff shall file her second amended complaint (Dkt. No. 60-3) by **TUESDAY JANUARY 23 AT NOON** and serve the amended complaint and summons within 14 days. The new defendants shall have 14 calendar days from service to answer or to otherwise respond to the amended complaint.

**IT IS SO ORDERED.**

Dated: January 22, 2024

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE